# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| APPLIED SURGICAL LLC, et al., | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| v. | } | **Case No.: 2:08-CV-00325-RDP** |
| | } | |
| STRYKER, INC., et al., | } | |
| | } | |
| **Defendants.** | } | |

## MEMORANDUM OPINION

This case is before the court on Defendants' Objections to Remand Order (Doc. #26), filed June 24, 2008. Plaintiffs sought and were granted remand by Chief Magistrate Judge Paul W. Greene's Order Pursuant to Paragraph 5, General Order of Reference (Doc. #22). For the reasons contained herein, the court finds Judge Greene's Order is due to be affirmed and Defendants' Objections overruled.

## I.    Background

Plaintiffs initiated this suit on January 18, 2008 by filing their initial Complaint in the Circuit Court of Jefferson County, Alabama, in which Plaintiffs alleged that Defendants committed state law torts of fraud, suppression, misappropriation of trade secrets, conversion, and breach of contract. (Doc. #1). Plaintiffs subsequently amended their complaint on January 21, 2008 to name additional defendants.

On February 22, 2008 Defendants removed this action pursuant to 28 U.S.C. § 1441(a) and (b) (2002). In the Joint Notice of Removal (Doc. #1), Defendants argue that removal is proper because this court has original jurisdiction pursuant to 28 U.S.C. § 1338 (1999) on grounds that the

Complaint, while clearly sounding exclusively in state law, requires a resolution of a federal question.  Defendants assert that despite the state law character of claims of the Complaint, the question requires both an interpretation and application of federal patent law.

In order for a claim to arise under 28 U.S.C. § 1338(a), the plaintiff's well-pleaded complaint must establish either (1) that federal patent law creates the cause of action or (2) that plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal patent law. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 808-09 (1988).  Plaintiffs have not asserted a cause of action created by federal patent law.  Defendants, however, contend that removal is proper because Plaintiffs have asserted claims upon which the right to relief necessarily depends on resolution of a substantial question of federal patent law.

On March 5, 2008, Plaintiffs filed a Motion to Remand (Doc. #8), which was granted by Judge Greene's Order (Doc. #22), entered on June 10, 2008.  In the Order, Judge Greene held that Plaintiffs' conversion claim did not require the resolution of a substantial question of federal patent law and, therefore, federal jurisdiction did not exist.  Defendants filed Objections (Doc. #26) to Judge Greene's Order pursuant to Federal Rule of Civil Procedure 72(a) on June 24, 2008.  Plaintiffs filed their Response (Doc. #27) on June 30, 2008.  Defendants filed their Reply (Doc. 28) on July 7, 2008, bringing the issues raised by Defendants' Objections under submission.

## II.    Standard of Review

Federal Rule of Civil Procedure 72(a) requires the district judge to "modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A) (2005).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a

mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *see also Crawford v. Western Elec. Co., Inc.*, 745 F.2d 1373 (11th Cir. 1984).

## III.   Discussion

Federal courts are courts of limited jurisdiction; therefore, remand statutes are construed narrowly and jurisdictional uncertainties are resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction. *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).  The removing party's burden is heavy. *Burns*, 31 F.3d at 1095.

Defendants contend that federal question jurisdiction exists in this case.  According to Defendants, although Plaintiffs frame their claims under state law, Plaintiffs conversion and breach of contract claims depend on a determination of the claim scope and conception of patents obtained by Defendants.

### A.      Federal Question Jurisdiction

Title 28 U.S.C. § 1331 states that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States."  This basis for the subject-matter jurisdiction of the district court is commonly referred to as federal question jurisdiction.  "The 'well-pleaded complaint rule' is the basic principle marking the boundaries of the federal question jurisdiction of the federal district courts." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); *see Louisville & Nashville Railroad v. Mottley*, 211 U.S. 149, 152 (1908). Unlike a determination of diversity jurisdiction – in which factual inquiries are often appropriate for purposes of ascertaining the residency of a party or the likelihood of success of an action against an ostensibly non-diverse party – when the jurisdiction is premised on the existence of federal question,

the district court must determine from the face of the complaint whether the plaintiff's action arises

"under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or, when a

defendant is attempting removal of the case, whether the action could have initially been brought in

federal court. *See City of Chicago v. International College of Surgeons*, 522 U.S. 156 (1997).

Generally, under § 1331, a suit arises under federal law if there appears on the face of the

complaint some substantial, disputed question of federal law. *See Franchise Tax Board v.*

*Construction Laborers Vacation Trust*, 463 U.S. 1, 12 (1983). Accordingly, to support removal, the

defendant must show the basis of federal jurisdiction in those allegations necessary to support the

plaintiff's claim, ignoring his own pleadings and petition for removal. A defendant may not remove

on the basis of an anticipated or even inevitable federal defense, but must show that a federal right

is "an element and an essential one, of the plaintiff's cause of action." *Gully v. First Nat. Bank*, 299

U.S. 109, 111 (1936). "The [well-pleaded complaint rule] makes the plaintiff the master of the claim;

he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v.*

*Williams*, 482 U.S. 386, 392 (1987).

The instant complaint makes no express reference to a discrete federal statute. All five of

the individual counts of the complaint are clearly couched in terms of state law.[1]  Assuming,

however, that a federal court finds a "separate and independent" claim or cause of action under

federal law within the jurisdiction conferred by § 1331, and that action is joined with one or more

otherwise non-removable claims or causes of action, the entire case may be removed and the district

court may determine all issues or, in its discretion, may remand all matters in which state law

---

[1]The complaint sounds in fraud, suppression, misappropriation of a trade secret, conversion, and breach of contract. The complaint expressly rejects any claims for federal patent infringement or interference. (Complaint, p. 23, ¶ 43).

predominates. "An action arises under federal law under § 1331 if the federal law creates the cause of action or 'the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law.'" *C.C. Mid West, Inc. v. McDougall*, 990 F. Supp. 914, 917 (E.D. Mich. 1998) (*quoting Construction Laborers Vacation Trust*, 463 U.S. at 27-28). "A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint." *Kemp v. International Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997). It must be recognized that merely because a plaintiff could have a stated a federal claim instead of, or in addition to, a state law claim, subject matter jurisdiction will not support removal. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). In its motion to remand, Applied Surgical refers to the Amended Complaint and reiterates: "[t]his complaint makes no claims for patent infringement or interference and is limited to the claims set forth below: fraud, suppression, misappropriation of trade secrets, conversion, and breach of contact." ( Doc. 2, p. 23, ¶ 43).

Section 1338(a) provides for exclusive federal jurisdiction of "any civil action arising under and Act of Congress related to patents." A cause of action "arises under" federal patent law if a "well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson*, 486 U.S. at 808-09. "[M]erely because a claim makes no reference to federal patent law does not necessarily mean the claim does not 'arise under' patent law. Just as 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint, . . . so a plaintiff may not defeat § 1338(a) jurisdiction by omitting to plead necessary federal patent law questions." *Id*. at 809 n.3.

Even if a single theory which supports a claim essentially turns on an issue arising under patent law, that does not necessarily mean there is federal jurisdiction.  As long as there is at least one alternative theory supporting the claim that does not rely on patent law, there is no "arising under" jurisdiction under 28 U.S.C. § 1338.  In that case, as the Supreme Court concluded in *Christianson*: "Since there are reasons completely unrelated to the provisions and purposes of federal patent law why petitioners may or may not be entitled to the relief they seek under their monopolization claim, the claim does not arise under federal patent law." 486 U.S. at 812 (internal quotation marks, citation, and alterations omitted); *see also id.* at 810 ("[A] claim supported by alternative theories in the complaint may not form the basis for § 1338(a) jurisdiction unless patent law is essential to each of those theories.").

### B.    Plaintiffs' State Law Claims

Defendants argue that Judge Greene's order is clearly erroneous and contrary to law because Plaintiffs' state law conversion and breach of contract claims will necessarily depend on the resolution of a substantial question of federal patent law, namely a determination of the claim scope of a patent obtained by Defendants and a determination of conception of the subject matter of the patent.  The court disagrees.

#### a.    Claim Scope

The Federal Circuit confronted a similar question in *Uroplasty, Inc. v. Advanced Uroscience, Inc.*, 239 F.3d 1277 (Fed. Cir. 2001).  In *Uroplasty*, the plaintiffs brought state law claims for misappropriation of trade secrets, breach of fiduciary duty, and breach of contract, alleging that the defendants improperly used and divulged trade secrets, including receiving a patent.  The defendants removed the action to federal court alleging that the plaintiff's state law claims "raised issues relating

6

to an Application for a United States Patent and the issuance of a United States Patent." *Id.* at 1279. The district court assumed jurisdiction over the case and granted summary judgment for defendants. The Federal Circuit, however, held that federal jurisdiction did not exist and remanded the case with instructions to dismiss for lack of jurisdiction. *Id.* at 1280. Specifically, the court noted that

> [t]he '406 patent may be evidence in support of [Plaintiff]'s allegations, but the mere presence of the patent does not create a substantial issue of patent law. . . . [Plaintiff]'s claims for trade secret misappropriation require it to show that [Defendant] disclosed or used its trade secrets or confidential information, a burden that can be met without requiring the resolution of a substantial issue of patent law. Because proving the same alleged acts also could support the breach of contract and fiduciary duty claims without resolving a substantial patent issue, patent law is not essential to any of the claims of the well-pled complaint.

*Id.* (citations omitted); *see also Board of Regents, University of Texas System v. Nippon Telephone and Telegraph Corp.*, 414 F.3d 1358, 1364-65 (Fed. Cir. 2005). Thus, a patent held by a defendant covering a plaintiff's alleged confidential information, intellectual property, or trade secrets may serve as evidence in support of a plaintiff's state law claims, but will not, as a rule, raise a substantial issue of patent law requiring exclusive federal jurisdiction.

Defendants' argument to the contrary, based on *Immunoconcept, LLC v. Fulbright & Jaworski, LLP*,[2] misses the mark. 504 F.3d 1281 (Fed. Cir. 2007). *Immunoconcept* involved a state

---

[2]The only claim at issue in *Immunoconcept* was a state law legal malpractice claim based upon negligence. The court does not take at face value Defendants' assertion in its Reply, regarding cases cited in support of Plaintiffs' arguments, that: (1) "[w]here conversion claims are not at issue, the cases are clearly distinguishable" (Doc. #28 at 5); and (2) "Accordingly, these cases are not relevant to Defendants' arguments in this case." (*Id.* at 8). The court acknowledges this academic flourish on Defendants' part, that cases that do not involve conversion claims are different than this case, but notes that this distinction is not so great as to undermine the legal theories applicable to the cases considered. Surely, Defendants would not disagree, as such a distinction would not only run contrary to their arguments based upon *Immunoconcept*, but also no fewer than six of the seven other cases cited by Defendants in section 'I' of their Reply argument alone.

law claim for legal malpractice based upon attorney negligence in drafting a patent application. *Id*. at 1284-85. The alleged attorney error narrowed the scope of the patent application, providing inadequate patent protection. *Id*. "Because it is the sole basis of negligence, the claim drafting error is a necessary element of the malpractice cause of action. . . . The parties, however, dispute whether there was a drafting mistake." *Id*. at 1285. The court held that determination of claim scope, which "defines the scope of patent protection" and is also the first step of patent infringement analysis, was a substantial question of federal patent law. *Id*. Defendants' stance is that a similar determination will be required for Plaintiffs to succeed in their claims. That position, however, misunderstands both the present issue before the court and the holding of *Immunoconcept*.

Unlike *Immunoconcept*, where the only question to be resolved was the scope of the protection of the patent at issue, this case involves no question related to the scope of the protection of any of Defendants' patents. Rather, in order to prove their conversion claim, Plaintiffs must show "a wrongful taking or a wrongful detention or interference, or an illegal assumption of ownership, or an illegal use or misuse" of Plaintiffs' property. *Ott v. Fox*, 362 So.2d 836, 839 (Ala. 1978). This case does not require a determination – similar to the one in *Immunoconcept* – where a court would be required to look into the minutia of patent construction doctrines to determine whether a patent claim was drafted in such a way as to afford the proper protection to the covered invention, essentially a preemptive patent infringement question. *See Immunoconcept*, 504 F.3d at 1285 (where proof of patent infringement or non-infringement are necessary elements of legal malpractice claim, § 1338 jurisdiction exists). Plaintiffs' claims here more closely resemble those at issue in *Uroplasty*. Determination of the subject matter alleged to be Plaintiffs' intellectual property, trade secrets, and confidential information does not raise a question of federal patent law, as discussed

8

below.  In order to prove that Defendants converted this property or breached contracts purporting

to protect its secrecy, Plaintiffs may use Defendants patents as evidence, but, as in *Uroplasty*, the

existence of these patents does not raise a substantial question of federal patent law.[3]

### b.     Conception or Inventorship

The Federal Circuit also found that state law claims presenting a question of conception or

inventorship did not "arise under" federal patent law in *American Telephone & Telegraph Co. v.*

*Integrated Network Corp.*, 972 F.2d 1321 (Fed. Cir. 1992).   There, American Telephone &

Telegraph Co. ("AT & T") sued Integrated Network Corporation ("INC") and four of its employees

alleging that the INC employees, while employed at AT & T, had conceived of an invention that they

had assigned to INC.  *Id.*  INC had obtained a U.S. patent on the disputed invention. *Id.* at 1322.  In

---

[3]Plaintiffs, in their brief, refer to a District of Utah case, *Russo v. Ballard Medical Products*, which dealt with a similar issue.  2006 U.S. Dist. LEXIS 57130 (D. Utah 2006).  There, the court said:

> Mr. Russo has not claimed that Defendants violated any patent laws and has not invoked any relief provided by those laws. Further, Mr. Russo does not seek to invalidate or otherwise alter the Ballard patents at issue. In short, property interests protected by federal patent law are not implicated in the present suit and federal patent law will therefore not operate to preempt the state law governing Mr. Russo's claims. *Additionally, application of federal patent standards in situations like those present here would only serve to encourage parties that misappropriate trade secret information to run to the patent office to drastically increase the applicable burden of proof should an injured party choose to seek judicial relief for the misappropriation, an undesirable result.*

2006 U.S. Dist. LEXIS 57130 at *34-37 (emphasis added).  Defendants' response, that this statement mischaracterizes Defendants' alleged actions, is yet another example of Defendants failing to see the forest for the trees.  As in *Russo*, the problem here is not the instant Defendants racing to the patent office to secure federal jurisdiction in anticipation of litigation, but rather the collateral effect such a ruling would have on future litigants.  Though *Russo* serves only as persuasive authority, this court agrees with its reasoning that such a ruling would serve to encourage other parties that misappropriate trade secret information to run to the patent office to attempt to secure exclusive federal jurisdiction.

its suit, AT & T sought to obtain title to the patent by asserting state law claims for breach of contract; breach of fiduciary duty; misuse and misappropriation of proprietary information; and inducing breach of contract and misuse and misappropriation of proprietary information.  *Id*.  The court determined that all four counts of AT & T's complaint stemmed from the same allegation: that the employees breached an Agreement for Assignment of Inventions that each individually entered into with AT & T.  Though the suit involved patentable inventions and questions of conception, the court, nevertheless, held that the suit did not "arise under" federal patent law.  *Id*. at 1324.  "[W]hen an invention was conceived may be more a question of common sense than of patent law.  For example, if what the employees 'conceived' at AT & T had not been patentable, *or no patent had been sought, but it nevertheless was treated as a trade secret*, their conduct sill could have been in breach of contract."  *Id*. (emphasis added).  The court acknowledged that when, as here, a plaintiff asserts state law rights to its intellectual property, even if the property is patentable, if the plaintiff did not seek a patent, but nevertheless treated the subject property as a trade secret, questions of conception do not necessarily implicate federal patent law.

The Federal Circuit distinguished the question of inventorship in cases involving trade secrets from those involving patent infringement in *C&F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296 (Fed. Cir. 2000).

> Patent interference law . . . is concerned with priority of invention and does not set the standard for detecting the existence of a trade secret. In a patent priority contest it is the timing of inventive activities and the diligence of a putative inventor that is in issue, not the existence of the invention itself. Rather than apply inapposite patent law requirements, this court looks to the trade secret law of the relevant state in misappropriation cases. *See Water Techs. Corp. v. Calco, Ltd.*, 850 F.2d 660, 670 (Fed. Cir.1988).

*C&F Packing*, 224 F.3d at 1301 (some citations omitted).  Because here Plaintiffs do not challenge

the validity of Defendants' patents, but rather assert rights under trade secret protection, the questions of inventorship is governed by state, not federal, law.

Judge Greene's Order reflects a proper application of established Federal Circuit precedent. In the Order, Judge Greene points out that "Applied Surgical can assert [its] conversion claim on grounds that the ideas and designs at issue were first 'conceived' as trade secrets and it is these trade secret ideas that the defendants allegedly misappropriated and converted." (Doc. #22 at 6). Under *AT & T*, the question of conception does not arise under federal law if no patent had been sought but the subject matter was nevertheless treated as a trade secret. 972 F.2d at 1324. In such a case, the question of conception may be more a question of common sense than of patent law and does not give rise to federal question jurisdiction. *Id*. The question of inventorship in trade secret cases, according to *C&F Packing*, is governed by state trade secret law. The fact that Plaintiffs assert no patent claims whatsoever, but rather claims for, *inter alia,* conversion and misappropriate of trade secrets, demonstrates that Plaintiffs intend to rely on a theory that does not implicate federal patent law.[4] Judge Greene's reading of *AT & T* is correct and Defendants' assertion that every possible theory that Plaintiffs may rely on necessarily involves a substantial question of federal patent law is misplaced. Plaintiffs claims for conversion and breach of contract do not necessarily require the resolution of a substantial question of federal patent law.

---

[4]Defendants' contention – that Plaintiffs' failure to identify any theories of conversion that do not depend on patent law serves as an admission that substantial federal questions are necessary – is unpersuasive. Whether or not Plaintiffs articulated alternate theories in their brief, Judge Greene's order clearly articulates a non-patent theory soundly based on controlling precedent. Under *AT & T* and *C&F Packing*, questions of conception or inventorship in this case do not necessarily implicate federal patent law.

**IV.     Conclusion**

For the reasons stated above, the court finds that Plaintiffs' state law claims do not require the resolution of a substantial question of federal law.  Therefore, Judge Greene's Order Pursuant to Paragraph 5, General Order of Reference is not clearly erroneous or contrary to law and is  due to be **AFFIRMED**.  Defendant's Objections to Remand Order are **OVERRULED**.  The court will enter a separate order **REMANDING** this case to the Circuit Court of Jefferson County, Alabama.

**DONE** and **ORDERED** this _____12th_____ day of January, 2009.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE